David Akintimoye, SBN 225110
FAMILY & BANKRUPTCY ATTORNEY INC.
23962 Alessandro Boulevard, Suite P
Moreno Valley, California 92553
Telephone: (951) 656-5777
Email: daa225110@gmail.com
Attorney for Plaintiff JUDDYS SESAY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| **In re:** | **Bankruptcy Case No. 6:26-bk-13916-RB** |
| **ABDUL KABIRR SESAY,** | Chapter 7 |
| Debtor. | Adversary Proceeding No. _____ |
| **JUDDYS SESAY,** | **COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND TO DETERMINE NONDISCHARGEABILITY OF DEBTS UNDER 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), 727(a)(5), 523(a)(4), 523(a)(5), 523(a)(6), AND 523(a)(15)** |
| Plaintiff, | |
| v. | |
| **ABDUL KABIRR SESAY,** | |
| Defendant. | **[Fed. R. Bankr. P. 4004, 4007, and 7001(4), (6)]** |

Plaintiff Juddys Sesay ("Plaintiff"), by and through counsel, complains against

Defendant and chapter 7 debtor Abdul Kabirr Sesay ("Debtor") as follows:

**NATURE OF THE ACTION**

1. This adversary proceeding seeks denial of Debtor's discharge because, while

under penalty of perjury and while seeking the extraordinary relief of a chapter 7

1

discharge, Debtor failed to disclose substantial real and personal property, financial accounts, and interests located in Sierra Leone, and may also have failed to disclose multiple real-property interests in the United States.

2. The omissions concern assets worth hundreds of thousands of dollars and assets directly at issue in pending or recent marital litigation between Plaintiff and Debtor. They were not remote, technical, or immaterial. At least one Sierra Leone asset—the Sussex Village property—was specifically awarded to Debtor in an amended Sierra Leone dissolution judgment obtained before the bankruptcy petition.

3. Plaintiff pleads the U.S. title-search matches on information and belief. The search identifies at least six additional U.S. properties in the name "Abdul Kabirr Sesay," the same full name used by Debtor. Plaintiff does not allege that name identity alone conclusively establishes ownership; ownership, acquisition dates, transfers, financing records, addresses, and Debtor's beneficial interests will be established through discovery.

3.1. In addition to denial of Debtor's general discharge, Plaintiff seeks a determination that Debtor's debts and obligations to her arising from domestic support, division and restoration of marital property, equalization, reimbursement, breach of interspousal fiduciary duties, and willful injury to Plaintiff's property rights are excepted from any discharge under 11 U.S.C. §§ 523(a)(4), (a)(5), (a)(6), and (a)(15). The precise amounts remain subject to determination in the pending California dissolution proceeding and/or this Court.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). The relief requested arises under 11 U.S.C. §§ 523 and 727.

6. Venue is proper under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to Debtor's chapter 7 case pending in this District.

7. Plaintiff consents to entry of final orders and judgment by the bankruptcy court.

**PARTIES**

8. Plaintiff is Debtor's estranged wife and a creditor and party in interest. Plaintiff asserts contingent, unliquidated, disputed, and/or unmatured claims arising from the parties' long-term marriage, including claims concerning community or marital property, equalization, reimbursement, support, and other relief in Riverside County Superior Court case No. FLHE2400215.

9. Debtor is an individual who commenced the above-captioned chapter 7 case on May 15, 2026. Debtor listed an address at 27581 Blooming Vista Way, Menifee, California 92584.

**FACTUAL ALLEGATIONS**

10. Plaintiff and Debtor married on or about on January 16, 2000, in Sierra Leone Embassy in the Republic of Guinea.  Prior to the marriage, both parties had a son and during the course of the marriage had two more children. Both were born in Sierra Leone. Plaintiff joined the debtor in the USA in 2002, and they lived together as husband wife for 21 years until early November 2023, when the debtor moved out of their matrimonial home without prior notice to the plaintiff. Both are United States citizens and citizens of Sierra Leone. They lived in the United States for approximately twenty-one years before separation.

11. During the marriage, Plaintiff and Debtor acquired multiple landed properties, lots, houses, and/or beneficial interests in real property in Sierra Leone. The aggregate value of the omitted Sierra Leone assets is believed to be in the hundreds of thousands of dollars.

12. The debtor filed for Dissolution of Marriage in Sierra Leone, West Africa on November 23, 2023, one week after leaving the family home in Menifee,

California without prior notice to Plaintiff.  On January 15, 2024, the Plaintiff received a copy of the Sierra Leone dissolution paperwork via WhatsApp. The debtor never personally served Plaintiff with the Petition for Dissolution from Sierra Leone.  This was the only means adopted by the debtor to serve plaintiff with the petition. A true and correct copy of the Sierra Leone's divorce petition is attached and marked as exhibit "1".

13. The debtor listed the properties owned by him and plaintiff in Sierra Leone and the USA in his Sierra Leone's petition for dissolution of marriage. The Sierra Leone properties include, without limitation, the Sussex Village property. On July 11, 2024, the Court in Sierra Leone dissolved the marriage of the parties and made property division, including the award of pieces of parcels of land located in the cities of Lungi, Mongegba and Mambo to the debtor. The Court also awarded a very valuable Sussex Village property to Debtor. A true and correct copy of the judgment is attached and marked as exhibit "2". Thus, before filing for bankruptcy, Debtor knew of and claimed an ownership interest in that property.

14. On information and belief, the omitted Sierra Leone assets further include additional landed properties, improved property and houses acquired during the marriage, bank accounts held individually, jointly, through nominees, or for Debtor's benefit, and valuable personal possessions. The precise legal descriptions, account numbers, balances, custodians, present record holders, and values are peculiarly within Debtor's knowledge and will be identified through discovery.

15. Debtor also owns or controls, or within the relevant period owned or controlled, personal property in Sierra Leone and financial records concerning the acquisition, development, rental, maintenance, financing, transfer, and present ownership of the Sierra Leone assets.

16. Debtor filed his voluntary petition, schedules, statement of financial affairs, declarations, and related papers on May 15, 2026, under penalty of perjury. The

4

docket reflects that Debtor later amended Schedules E/F, the Summary of Assets and Liabilities, and the declaration concerning schedules on May 26, 2026.

17. Debtor's bankruptcy papers represented a total asset value of approximately $707,501 and did not disclose the substantial Sierra Leone real properties, Sierra Leone bank accounts, and Sierra Leone personal possessions described above, or did not disclose them fully and accurately. Debtor has not amended his schedules to provide a complete and accurate disclosure of those assets.

18. Debtor's omissions were known. The omitted foreign assets were acquired during the marriage, were the subject of dissolution proceedings, and, as to Sussex Village, were expressly awarded to Debtor before bankruptcy. They were also fraudulent: the nature, number, location, marital-litigation history, and substantial value of the omitted assets support the inference that Debtor intended to keep them beyond the reach of Plaintiff, the trustee, and creditors while obtaining a discharge.

19. The omissions were material because they bear directly on the existence and disposition of estate property, Debtor's financial condition, the trustee's investigation, potential liquidation and distribution, and Plaintiff's marital-property claims.

20. The chapter 7 trustee filed a Report of No Distribution on June 18, 2026, after reporting no nonexempt property available for distribution. Full disclosure of the foreign and additional domestic assets could materially alter administration of the estate and the no-asset determination.

21. A title search obtained by Plaintiff identifies at least six other U.S. real properties titled in the exact name "Abdul Kabirr Sesay." On information and belief, one or more of these records may concern Debtor, property he owns or beneficially controls, or property he transferred while retaining an interest.

22. If the title matches concern Debtor, his failure to list those properties, beneficial interests, transfers, proceeds, mortgages, rents, or related accounts

constitutes additional concealment and additional false oaths. If Debtor transferred record title but retained possession, income, control, use, or another secret interest within the year before bankruptcy, or retained such an interest through the petition date, the conduct constitutes concealment, including continuing concealment.

23. On information and belief, before and after the petition date Debtor withheld, concealed, failed to preserve, or failed to produce complete title records, deeds, conveyances, purchase and sale documents, construction records, leases, rent records, Sierra Leone bank statements, wire-transfer records, tax records, and other documents necessary to determine his financial condition and business or property transactions.

24. The records are the type a person owning multiple domestic and foreign properties and accounts would ordinarily maintain. Debtor's sophistication, military career, international activities, family litigation over property, and the substantial value of the assets make the absence or nonproduction of complete records unjustified.

25. To the extent Debtor contends he no longer owns previously acquired, awarded to him, held for him, or identified in title and marital records, he has not satisfactorily explained their loss, transfer, dissipation, or deficiency, or accounted for sale proceeds, rents, withdrawals, or substitute assets.

26. During the marriage, Debtor owed Plaintiff fiduciary duties concerning the management, disclosure, preservation, and disposition of community and marital assets, including duties imposed by California Family Code §§ 721, 1100(e), and 1101. Those duties included providing true and full information concerning transactions affecting community property and accounting for benefits derived from such transactions.

27. On information and belief, Debtor intentionally concealed, appropriated, transferred, encumbered, or retained marital property, rents, proceeds, or account

funds without Plaintiff's knowledge or informed consent and for his own benefit. Plaintiff has been deprived of possession, information, and her lawful share of those assets.

28. Debtor's conduct occurred while the marital fiduciary relationship existed and, on information and belief, involved intentional wrongdoing, moral turpitude, or a conscious and reckless disregard of a substantial and unjustifiable risk that his conduct would violate his fiduciary duties and injure Plaintiff.

29. Plaintiff also asserts rights to domestic support and to debts incurred by Debtor in the course of the parties' divorce or separation or in connection with dissolution judgments, orders, and proceedings. Those claims include any support, equalization, reimbursement, property-restoration, attorney fees, sanction, or other monetary obligations ultimately awarded or determined in Plaintiff's favor.

**FIRST CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(2)(A) — Prepetition Transfer, Removal, or Concealment**

30. Plaintiff incorporates paragraphs 1 through 29.

31. Within one year before May 15, 2026, Debtor transferred, removed, concealed, or permitted the transfer, removal, or concealment of property of Debtor, including his ownership and beneficial interests in Sierra Leone real property, bank accounts, personal possessions, and, to the extent discovery confirms, additional U.S. real property and its proceeds or income.

32. Debtor acted with actual intent to hinder, delay, or defraud Plaintiff and/or other creditors. That intent is supported by, among other circumstances, Debtor's knowledge of the assets, the property disputes in the dissolution proceedings, the number and substantial value of the omitted assets, the absence of disclosure despite sworn schedules, the no-asset administration that resulted, and any retention of possession, use, control, income, or benefit despite undisclosed or nominal title.

7

33. Debtor's discharge should therefore be denied under § 727(a)(2)(A).

**SECOND CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(2)(B) — Postpetition Transfer, Removal, or Concealment**

34. Plaintiff incorporates paragraphs 1 through 33.

35. The undisclosed assets became property of the bankruptcy estate to the extent of Debtor's legal, equitable, or beneficial interests on the petition date.

36. After filing, Debtor continued to conceal those estate interests by leaving materially false schedules uncorrected and, on information and belief, by retaining, moving, transferring, collecting income from, or exercising control over the undisclosed assets without disclosure to the trustee.

37. Debtor acted with intent to hinder, delay, or defraud Plaintiff, creditors, and/or an officer of the estate. His discharge should be denied under § 727(a)(2)(B).

**THIRD CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(3) — Failure to Keep or Preserve Records**

38. Plaintiff incorporates paragraphs 1 through 37.

39. Debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information—including deeds, title and transfer records, bank statements, account records, wire records, leases, rent ledgers, tax records, loan records, and property-development records—from which his financial condition and material transactions might be ascertained.

40. The missing or concealed information makes it impossible or unreasonably difficult to trace Debtor's ownership, transfers, income, account balances, and use of proceeds concerning the domestic and Sierra Leone assets.

41. Given the nature, quantity, international location, and value of the assets and Debtor's sophistication, the failure to maintain and produce adequate records is not justified under all the circumstances. Debtor's discharge should be denied under § 727(a)(3).

**FOURTH CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(4)(A) — Knowing and Fraudulent False Oaths**

42. Plaintiff incorporates paragraphs 1 through 41.

43. On May 15, 2026, Debtor signed and filed under penalty of perjury his petition, schedules, statement of financial affairs, and declarations. On May 26, 2026, he filed amended papers under penalty of perjury.

44. Those sworn papers were false because they omitted or materially misstated Debtor's Sierra Leone real properties and houses, the Sussex Village property awarded to him, Sierra Leone bank accounts, Sierra Leone personal possessions, and related income, transfers, claims, and beneficial interests. To the extent the same-name U.S. title records concern Debtor, the sworn papers also omitted those properties and related transactions.

45. Debtor knew the sworn disclosures were false when made. He personally acquired, used, controlled, litigated over, received an award of, or otherwise knew of the omitted assets, accounts, and interests.

46. Debtor made the omissions fraudulently, intending and seeking to create the false appearance that he had disclosed all property and financial affairs, to prevent meaningful investigation and administration, and to obtain a discharge while retaining undisclosed wealth.

47. Each omission related materially to Debtor's assets, transactions, financial condition, estate administration, and the discovery of estate property. Debtor's discharge should be denied under § 727(a)(4)(A).

**FIFTH CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(5) — Failure to Explain Loss or Deficiency of Assets**

48. Plaintiff incorporates paragraphs 1 through 47.

9

49. Before bankruptcy, Debtor owned, was awarded, or exercised control over substantial Sierra Leone real and personal property and financial accounts. Title and other records also identify substantial additional assets requiring explanation.

50. Those assets, or their full values and proceeds, are absent from Debtor's schedules and from the estate available for distribution. Debtor has failed to provide a definite, credible, documented, and satisfactory explanation of any claimed sale, transfer, loss, depletion, or deficiency.

51. Debtor's discharge should be denied under § 727(a)(5).

**SIXTH CLAIM FOR RELIEF**

**11 U.S.C. § 523(a)(4) — Fraud or Defalcation While Acting in a Fiduciary Capacity; Embezzlement or Larceny**

51. Plaintiff incorporates paragraphs 1 through 49.

52. As Plaintiff's spouse and as a manager or controller of community and marital property, Debtor acted in a fiduciary capacity with respect to Plaintiff's interests in that property and its proceeds under California Family Code §§ 721, 1100(e), and 1101.

53. Debtor committed fraud or defalcation in that fiduciary capacity by knowingly concealing material information, failing to account, appropriating or transferring marital assets or proceeds for his own benefit, and depriving Plaintiff of her lawful interest. Alternatively, Debtor's appropriation and retention of property or proceeds entrusted to him constituted embezzlement, and any intentional taking without consent constituted larceny.

54. Debtor acted with knowledge of the improper nature of his conduct or with conscious and reckless disregard of a substantial and unjustifiable risk that his conduct violated his fiduciary duties.

10

55. The resulting debt—including restoration, equalization, reimbursement, damages, interest, and attorney's fees to the extent authorized by applicable nonbankruptcy law—is excepted from discharge under § 523(a)(4).

**SEVENTH CLAIM FOR RELIEF**

**11 U.S.C. § 523(a)(5) — Domestic Support Obligation**

56. Plaintiff incorporates paragraphs 1 through 55.

57. To the extent Debtor owes or is determined to owe Plaintiff alimony, maintenance, support, or another obligation in the nature of support that was established or is established before entry of discharge by a separation agreement, divorce decree, property-settlement agreement, court order, or applicable nonbankruptcy law, that obligation is a domestic support obligation within 11 U.S.C. § 101(14A).

58. Any such domestic support obligation, including qualifying attorney's fees and accrued interest, is excepted from discharge under § 523(a)(5).

**EIGHTH CLAIM FOR RELIEF**

**11 U.S.C. § 523(a)(6) — Willful and Malicious Injury**

59. Plaintiff incorporates paragraphs 1 through 58.

60. On information and belief, Debtor deliberately concealed, appropriated, transferred, encumbered, converted, or retained marital assets and proceeded with the subjective intent to injure Plaintiff's property rights or with knowledge that injury to those rights was substantially certain.

61. The conduct was wrongful, intentional, necessarily caused injury, and was undertaken without just cause or excuse. Plaintiff suffered loss of the use, value, income, possession, and benefit of property in which she held marital or community rights.

62. The resulting debt—including restoration, equalization, reimbursement, damages, interest, and attorney's fees to the extent independently authorized—is excepted from discharge under § 523(a)(6).

**NINTH CLAIM FOR RELIEF**

**11 U.S.C. § 523(a)(15) — Debt Incurred in the Course of Divorce or Separation**

63. Plaintiff incorporates paragraphs 1 through 62.

64. Plaintiff is Debtor's spouse or former spouse. Debtor owes or will be determined to owe Plaintiff debts incurred in the course of their divorce or separation or in connection with separation agreements, dissolution judgments, property-division determinations, and other orders of courts of record.

65. Those debts include, without limitation, obligations for division, turnover, restoration, equalization, reimbursement, allocation of marital liabilities, and attorney's fees or sanctions awarded in connection with the parties' dissolution proceedings, to the extent such obligations are not domestic support obligations under § 523(a)(5).

66. The debts described above are excepted from discharge under § 523(a)(15), whether their exact amounts are liquidated by the California family court or by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A. Enter judgment denying Debtor a discharge under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), and 727(a)(5);

B. Determine that Debtor's debts and obligations to Plaintiff described above are excepted from discharge under 11 U.S.C. §§ 523(a)(4), 523(a)(5), 523(a)(6), and 523(a)(15);

12

C. Determine the amount of the nondischargeable debts or, as appropriate, abstain from liquidation while permitting the California family court to determine the parties' support, property, equalization, reimbursement, fee, and related obligations;

D. Award Plaintiff reasonable attorney's fees to the extent authorized by applicable nonbankruptcy law, contract, court order, Federal Rule of Bankruptcy Procedure 9011, 28 U.S.C. § 1927, the Court's inherent authority, or other applicable law, together with allowable costs under Federal Rule of Bankruptcy Procedure 7054;

E. Grant leave to amend as discovery identifies the legal descriptions, account information, transfers, nominees, values, and other particulars of the concealed assets and transactions; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: July 28, 2026

**FAMILY & BANKRUPTCY ATTORNEY INC.**

By: /s/ David Akintimoye

David Akintimoye

Attorney for Plaintiff JUDDYS SESAY

13

# EXHIBIT "1"

DIV.C.   /23          2023          S.          NO. 35

## IN THE HIGH COURT OF SIERRA LEONE
### (FAMILY AND PROBATE DIVISION)

### IN THE MATTER OF A PETITION BY ABDUL K. SESAY FOR THE DISSOLUTION OF HIS MARRIAGE

BETWEEN:

**ABDUL K. SESAY**                                     -        PETITIONER
27581 Blooming Vista Way
Menifee
CA 92584
USA

AND

**JUDDYS N. SESAY**                                    -        RESPONDENT
27581 Blooming Vista Way
Menifee
CA 92584
USA

THE PETITION DATED THE 22nd DAY OF November 2023

TO: -

THE HONOURABLE MR. JUSTICE DESMOND BABATUNDE EDWARDS, the Chief Justice of Sierra Leone, the humble petition of ABDUL K. SESAY of 27581 Blooming Vista Way, Menifee, CA 92584, USA showeth:

1. That on 16th January 2000 the Petitioner (then a Bachelor) was lawfully married to the Respondent (then a Spinster) at the Sierra Leone Embassy in the Republic of Guinea.

2. That prior to the marriage the Petitioner and Respondent had one child (now 30 years old) and during the course of the marriage had 2 more children (now 20 years old and 17 years old).

3. That the Petitioner and Respondent are both Sierra Leone citizens but are currently resident in the United States of America.

4. That the Petitioner is a Retired Military Senior Chief Petty Officer, and the Respondent is a Salesperson.

5. That the Petitioner and Respondent are both fee simple owners of five (5) pieces of land in the Republic of Sierra Leone:
   a) 2 town lots with 2 houses in Yams Farm in the Western Rural Area of the Republic of Sierra Leone
   b) 2 town lots in Yams Farm in the Western Area of the Republic of Sierra Leone

  c) 1 town lot in Lungi, Port Loko in the Northern Province of the Republic of Sierra Leone

  d) 1 town lot in Mongegba in the Western Area Rural of the Republic of Sierra Leone

  e) 3.5 town lots in Mambo in the Western Rural Area of the Republic of Sierra Leone.

6. The Petitioner financially funded the purchasing of properties b, c and d and the Respondent provided some financial aid for the purchasing of properties a and e.

7. That the properties should be divided between the Petitioner and Respondent as follows:

  a) The 2 town lots with 2 houses in Yams Farm in the Western Rural Area of the Republic of Sierra Leone to the Respondent.

  b) The 2 town lots in Yams Farm in the Western Area of the Republic of Sierra Leone to the Respondent.

  c) The pieces or parcels of land in Lungi, Mongegba and Mambo to the Petitioner.

8. That the Petitioner is the fee simple owner of and financially funded the purchase of a 1-acre piece of land in Sussex in the Western Area of the Republic of Sierra Leone.

9. That the Petitioner is the fee simple owner of and financially funded the purchase of the house at 27581 Blooming Vista Way, Menifee, California 92584.

10. That there have been no previous proceedings in the Republic of Sierra Leone or elsewhere with reference to the said marriage by or on behalf of the Petitioner or the Respondent.

11. That the Respondent has treated the Petitioner with acts of cruelty.


## PARTICULARS OF CRUELTY

a) After the marriage ceremony in the Republic of Guinea the Petitioner travelled to the United States of America and applied for the Petitioner and their child to join him there in order for them to have a better and loving family life.

b) The Respondent has constantly caused emotional abuse and psychological distress towards the Petitioner by frequently using methods such as the "silent treatment manipulation".

c) The Petitioner has always provided well for his family by making sure that they have a good family house and more than the basic amenities, but the Respondent has continuously acted in a manner that shows a lack of support to her husband.

d) In 2008, when the Petitioner and Respondent acquired a piece of land at Yams Farm in the Western Area Rural of the Republic of Sierra

Leone, the Respondent requested that they build a house on it, the Petitioner advised that they wait until they were more financially stable to develop on the said piece of land. However, the Respondent, on her own volition, waited for the Petitioner to travel on military orders and started sending money taken from the couple's joint bank account to Sierra Leone for a house to be built there for her mother.

e) There have been repeated instances in which the Respondent has used the Petitioner for financial gain to benefit her family in Sierra Leone with no care as to how her nuclear family will be provided for or benefitted.

f) In 2020, knowing that the Petitioner was about to retire, instead of supporting him so they could build their own house in Sierra Leone, the Respondent tricked him into building a second house for her mother.

g) Even though the Respondent earns money, she refused to make any financial contribution towards the monthly bills and upkeep of their house in the USA. The Petitioner is forced to individually carry all the financial burden of running the home.

12) That the Petitioner has not in any way condoned the Respondent's cruelty nor colluded with the Respondent in presenting this petition.

13) That the facts contained in this petition are true and correct.

**Wherefore the Petitioner prays**:

1. That his marriage to the Respondent be dissolved.

2. That each party maintains their own finances including personal savings, checking and Certificate of Deposit accounts, and be responsible for their own credit cards and personal debts separately.

3. That the properties owned by the parties be partitioned as mentioned above.

4. That Spousal Support shall not be awarded to either party.

5. That the Respondent not be entitled to the Petitioner's Retirement Distribution.

6. That the Respondent not be entitled to the Petitioner's Thrift Savings Plan Distribution.

7. That the Respondent not be entitled to the Petitioner's Survivors Benefits Plan.

8. That the Petitioner be entitled to the house in the USA at 27581 Blooming Vista Way, Menifee, California 92584 with all appliances

inside the household including, but not conclusive, the fridge/freezer, microwave, oven, dishwasher, dryer/washer.

9. That the Respondent be entitled to the furniture in their USA household in the master bedroom, living room and dining room.

10. That the Respondent be entitled to the following vehicles: a 2009 Acura MDX and a Renault car.

11. That both the Petitioner and Respondent have equal or 50/50 physical and legal custody of their minor child Lansana S. Sesay.

12. That the Petitioner be entitled to the following vehicle: a 2020 Lexus ES300h.

13. That this Honourable Court grants him any further or other relief(s) as may be fit and just.

14. That costs be in the cause.

_____

PETITIONER

*This Petition is filed by GPKLegal of 32 Bathurst Street, Freetown, Solicitors for the Petitioner.*

# EXHIBIT "2"

DIV.C.281/23          2023          S.          NO.35

## IN THE HIGH COURT OF SIERRA LEONE
## (FAMILY AND PROBATE DIVISION)

## IN THE MATTER OF A PETITION BY ABDUL K. SESAY FOR THE DISSOLUTION OF HIS MARRIAGE

BETWEEN:

**ABDUL K. SESAY**                    -          **PETITIONER**
No.5 Upper Bombay Street
Freetown
Sierra Leone

AND

**JUDDYS N. SESAY**                   -          **RESPONDENT**
27581 Blooming Vista Way
Menifee
CA 92584
USA

## BEFORE THE HONOURABLE JUSTICE AMY WRIGHT (J)
## DATED THE 11TH DAY OF JULY 2024

**UPON READING** the Notice of Motion dated the 4th day of July 2024 filed for and on behalf of the Petitioner herein and the supporting affidavit sworn to on the 4th day of July 2024 together with the exhibits attached thereto and filed therewith;

**AND UPON HEARING** J. Hanciles Esq. of Counsel for the Petitioner;

**IT IS THIS DAY HEREBY ORDERED AS FOLLOWS:**

1) THAT THE DECREE NISI pronounced by this Honourable Court on the 10th day of June 2024 is HEREBY MADE ABSOLUTE DISSOLVING the said marriage had and solemnized and entered into by Abdul K. Sesay, the Petitioner herein AND Juddys N. Sesay, the Respondent herein on the 16th day of January 2000 at the Sierra Leone Embassy in Conakry in the Republic of Guinea on the ground of cruelty.

**Consequential Orders:**

2) The Petitioner and the Respondent shall maintain their own individual respective finances including personal savings and checking accounts, certified deposit accounts only.

3) The Parties herein – the Petitioner and the Respondent – shall operate and maintain their own respective retirement accounts and life insurance accounts.

4) The properties owned by the Petitioner and the Respondent shall be partitioned as follows:

   (a) The two (2) town lots with 2 houses situate therein at Yams Farm in the Western Area of the Republic of Sierra Leone is hereby awarded to the Respondent.

(b) The two (2) town lots at Yams Farm in the Western Area of the Republic of Sierra Leone is hereby awarded to the Respondent

(c) The pieces or parcels of land and hereditaments in Lungi, Mongegba and Mambo are hereby awarded to the Petitioner

(d) The Master and Registrar of the High Court of Sierra Leone shall execute all and any title deeds of transfer to the Petitioner in respect of the abovementioned properties

5) The Petitioner herein shall remain the full and sole fee simple owner of all that property situate lying and being at Off Peninsular Road, Sussex Village in the Western Area of the Republic of Sierra Leone as evidence by Deed of Conveyance dated the 20th day of July 2023 and registered as no.1927/2023 at page 112 in volume 960 of the record books of conveyances in the Office of the Administrator and Registrar-General in Freetown expressed to be made between Clifton Akabi Aubee (the Vendor therein) and Abdul Kabirr Sesay (the Purchaser therein).

6) Neither Party shall not be entitled to spousal support from the other.

7) Each Party shall bear their own costs.

8) Liberty to Apply

BY THE COURT

MASTER AND REGISTRAR

CERTIFIED TRUE COPY

MASTER AND REGISTRAR

DIV.C.281/23                    2023                    S.                    NO.35

## IN THE HIGH COURT OF SIERRA LEONE
### (FAMILY AND PROBATE DIVISION)

### IN THE MATTER OF A PETITION BY ABDUL K. SESAY FOR THE DISSOLUTION OF HIS MARRIAGE

BETWEEN:

**ABDUL K. SESAY**                        -              **PETITIONER**
No.5 Upper Bombay Street
Freetown
Sierra Leone

        AND

**JUDDYS N. SESAY**                        -              **RESPONDENT**
27581 Blooming Vista Way
Menifee
CA 92584
USA

-------------------------------------------

AMENDED DECREE ABSOLUTE

-------------------------------------------

GPKLegal
32 Bathurst Street
Freetown

Solicitors for the Petitioner